**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **KEN L. WILLIAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV367RWS/MLM |
| ) | |
| **MICHAEL BOWERSOX,** ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the Petition for Writ of Habeas Corpus filed by Ken L. Williams ("Petitioner") filed pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted. Doc. 9. Petitioner filed a Reply. Doc. 13. This matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Doc. 5.

**I.
BACKGROUND**

Petitioner was charged by Substitute Information in Lieu of Indictment as follows: Count I, the class A felony of murder in the second degree, in that on November 29, 2004, in the City of St. Louis, Petitioner knowingly or with the purpose of causing serious physical injury to Desmond Brandy caused the death of Desmond Brandy by shooting him, and Count II, the felony of armed criminal action in that Petitioner knowingly committed the felony of murder in the second degree, as described in Count I, by, with, and through the use, assistance, and aid of a deadly weapon. Resp. Ex. C at 8-9.

Pursuant to a plea agreement, Petitioner plead guilty, on April 26, 2007, to second-degree murder and armed criminal action. At the plea hearing the prosecutor stated that if the matter went to trial the State would prove, beyond a reasonable doubt, that on November 29, 2004, in the City of St. Louis, Petitioner and the victim were in an argument over a debt; that Petitioner pointed a shotgun at the victim and shot him in the neck; and that, based on complications related to that shotgun wound, the victim died. Resp. Ex. C at 16. Petitioner testified that the facts as stated by the prosecutor were true. Resp. Ex. C at 16. Prior to accepting Petitioner's guilty plea, the court explained to Petitioner the rights he was giving up as a result of his entering a guilty plea. Petitioner testified that he understood those rights. Resp. Ex. C at 17. Also, prior to accepting Petitioner's guilty plea, Petitioner testified that no one had promised him anything or threatened, intimidated, or mistreated him in order to get him to plead guilty against his will. Resp. Ex. C at 16-17. Further, prior to accepting his guilty plea, the court explained to Petitioner the range of punishment for the charges to which he was pleading guilty. Resp. Ex. C at 16. After accepting Petitioner's guilty plea, the court sentenced Petitioner to concurrent sentences of twenty years. Resp. Ex. C at 18.

Petitioner filed a pro se post-conviction relief motion on August 23, 2007. Resp. Ex. C at 25-30. Counsel was appointed and filed an Amended Motion and Request for Evidentiary Hearing. Resp. Ex. C at 34-46. On February 13, 2008, the motion court issued its Findings of Fact, Conclusions of Law, and Order, in which it denied Petitioner the relief which he sought. On October 6, 2008, Petitioner filed an appeal of the motion court's decision. Resp. Ex. A. On April 15, 2009, the Missouri appellate court affirmed the decision of the motion court, and, on May 7, 2009, issued the Mandate on the appeal of Petitioner's post-conviction relief motion. Resp. Ex. F, Ex. G.

Petitioner filed his § 2254 Petition with this court on March 3, 2010. In his § 2254 Petition, Petitioner raises the following issues:

1. Petitioner's guilty plea was not voluntarily made because it was not made with an understanding of the nature of the charge and the plea,[1] and

2. Petitioner received ineffective assistance of counsel because his counsel pressured him to plead guilty to second-degree murder.

## III.
## EXHAUSTION, PROCEDURAL DEFAULT AND TIMELINESS ANALYSIS

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997). Failure to raise a claim in a post-conviction appeal is an abandonment of a claim. Id. at 1150 (citing Reese v. Delo, 94 F.3d 1177, 1181 (8th Cir. 1996)). A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' (citation omitted) . . . , is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." Id. at 1151 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (en banc) (citation omitted). "[F]airly present" means that state prisoners are "required to 'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.'" Id. at 411-12. A state-law claim which is raised in state court which "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." Id. at 412.

---

[1] In the Response to Order to Show Cause, Respondent suggests that Petitioner's Ground 1 alleges ineffective assistance of counsel because counsel failed to explain the difference between different types of homicide. Petitioner's § 2254 Petition states, however, as Ground 1, that his "conviction [was] obtain[ed] by [a] plea of guilty which was not made voluntary with understanding of the nature of the charge and plea." Doc. 1 at 5. In support of Ground 1 Petitioner argues that his plea counsel never informed him of the difference between different types of homicides.

3

The United States Supreme Court holds that a state prisoner can overcome procedural default if he or she can demonstrate cause and prejudice for the procedural default. Dretke v. Haley, 541 U.S. 386, 388-89 (2004). See also Coleman, 501 U.S. at 750 (holding that a state habeas petitioner can overcome procedural default by demonstrating cause for the default and actual prejudice or demonstrate that default will result in a fundamental miscarriage-of-justice; Battle v. Delo, 19 F.3d 1547, 1552 (8th Cir. 1994). The United States Supreme Court has held that because the "cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice" the Court has "recognized a narrow exception to the cause requirement where a constitutional violation has 'probably resulted' in the conviction of one who is 'actually innocent' of the substantive offense." Dretke, 541 U.S. at 393 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986); Schlup v. Delo, 513 U.S. 298 (1995)). "[A] habeas petitioner who wishes to have a procedurally defaulted claim evaluated on its merits 'must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner [guilty] under the applicable state law.'" McCoy v. Lockhart, 969 F.2d 649, 651 (8th Cir. 1992 ) (citation omitted). Actual innocence is required to meet the miscarriage-of-justice exception. See Sweet, 125 F.3d at 1152 (citing Schlup, 513 U.S. at 316). The Supreme Court, however, has limited the application of the actual innocence exception to the capital sentencing context. See Dretke, 541 U.S. at 393. In Dretke, the Court declined to extend the actual innocence exception to procedural default of constitutional claims challenging noncapital sentencing error. Rather, the Court held "that a federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default." Id. at 393-94.

In any case, a "'bare, conclusory assertion' that a petitioner is actually innocent is insufficient to excuse a procedural default." Sweet, 125 F.3d at 1152 n.9 (citing Weeks v. Bowersox, 119 F.3d 1342, 1352-55 (8th Cir. 1997)). To meet the requisite standard for a probability of innocence a habeas petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of new evidence." Schlup, 513 U.S. at 327. Evidence is "new" if it was "not available at trial and could not have been discoverable earlier through the exercise of due diligence." Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001).

It has been held that "novel circumstances and arguments" may constitute cause to excuse procedural default. McKinnon v. Lockhart, 921 F.2d 830, 833-34 (8th Cir. 1990). "[T]he Supreme Court [has] recognized that cause may exist when the claim raised is so novel that there was no reasonable basis to have asserted it at the time of a petitioner's state appeals." Id. at 833(citing Reed v. Ross, 468 U.S. 1, 16 (1984)). However, "[if] the 'tools were available' for a petitioner to construct the legal argument at the time of the state appeals process, then the claim cannot be said to be so novel as to constitute cause for failing to raise it earlier." Id. (citing Leggins v. Lockhart, 822 F.2d 764, 766 (8th Cir.1987)).

In regard to the "prejudice" component of "cause and prejudice," as discussed above, "actual prejudice" is required to overcome the procedural bar. Zinzer v. Iowa, 60 F.3d 1296, 1299 (8th Cir. 1995). "Prejudice, within the meaning of [the ineffective assistance of counsel standard of Strickland v. Washington, 466 U.S. 668 (1984)] occurs when appellate counsel's deficient performance renders the result of the direct appeal unreliable or fundamentally unfair." Id. The Eighth Circuit, however, holds that the "'prejudice' component of 'cause and prejudice' [necessary to excuse procedural default] is analytically distinct from the Strickland prejudice." Id. at 1299 n.7. The "'actual prejudice' required to overcome the procedural bar must be a higher standard than the Strickland prejudice

5

required to establish the underlying claim for ineffective assistance of counsel." Id. (citing United States v. Frady, 456 U.S. 152, 165-68 (1982) (holding that to obtain habeas relief on a defaulted claim, a petitioner must clear a significantly higher hurdle than would exist on direct appeal).

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

Additionally, § 2244(d)(1) establishes a 1-year limitation period on petitions filed pursuant to § 2254. The limitation period of § 2244(d)(1) runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For a Missouri defendant, a "judgment becomes final for purposes of appeal when the judgment and sentence are entered." State v. Holtze, 250 S.W.3d 745, 746 (Mo. Ct. App. 2008) (citing State v. Welch, 865 S.W.2d 434, 435 (Mo. Ct. App. 1993). An appeal must be filed within ten days thereafter. State ex rel. Wagner v. Ruddy, 582 S.W.2d 692, 693 (Mo. banc 1979). The same

time limit applies to those cases where an appeal is permitted from a guilty plea. State v. Werbin, 597 S.W.2d 663, 664 (Mo. App. 1980)." State v. Harris, 863 S.W.2d 699, 700 (Mo. Ct. App. 1993). The Eighth Circuit explained, in Williams, 299 F.3d at 983, as follows:

> We stated in [Peterson v. Gammon, 200 F.3d 1202 (8th Cir.2000)] that a post-conviction application remains "pending" for the entire period during which a notice of appeal "would be timely, assuming such a notice was in fact filed." See id. at 1205. ... Peterson did not say that the statute of limitations was tolled only if the petitioner filed a timely appeal; it said that it was tolled if he or she did so. Although we have not answered the question directly, those circuit courts that have addressed it have concluded that the application is "pending" (and thus the limitations period is tolled) during the appeal period, even if the petitioner does not appeal. See Gibson v. Klinger, 232 F.3d 799, 803-04 & n. 1 (10th Cir.2000); Swartz v. Meyers, 204 F.3d 417, 420-24 (3d Cir. 2000).

Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Thus, the statute provides that any additional period during which the statute is tolled is added to the one-year period. Peterson v. Gammon, 200 F.3d 1202, 1204 (8th Cir. 2000). While a properly filed state petition for post-conviction relief is pending, the 1-year period of § 2244(d)(2) is tolled. Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pivotal question arises, therefore, as to when an application for state post-conviction relief is pending. Id. "The term 'pending' includes the interval between the trial court's denial of postconviction relief and the timely filing of an appeal from the denial." Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002) (citing Peterson, 200 F.3d at 1203). It is not "pending," however, "between the date direct review concludes and the date an application for state postconviction relief is filed." Id. (citing Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001)). The appeal of a post-conviction relief motion remains pending until the appellate court issues its mandate. Johnson v. Kemna, 451 F.3d 938, 939 (8th Cir. 2006) (holding that post-conviction proceedings in Missouri are not final until issuance of the mandate); Payne v. Kemna, 441 F.3d 570, 572 (8th Cir.

7

2006) ("Under Missouri state court procedures, [the petitioner's] post-conviction relief proceedings were not final until the issuance of the mandate."); Williams v. Bruton, 299 F.3d 981, 982-83 (8th Cir. 2002). The United States Supreme Court has recently clarified that the statute is not tolled after the date the mandate issues on the appeal of a post-conviction relief motion whether or not the defendant files for certiorari with the United States Supreme Court. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007) ("The application for state postconviction review is [] not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari.").

Respondent contends that Petitioner's § 2254 Petition is untimely. Petitioner contends that it is timely. In support of his position, Petitioner argues that his State post-conviction motion was timely filed and that the statute did not commence to run until May 2, 2007, which date is sixty days after he was delivered to the department of corrections.[2] Doc. 13 at 2. In Petitioner's case, he was sentenced on April 26, 2007. The time for his filing for direct review expired ten days later, on May 6, 2007. As this date fell on a Sunday, the time for his seeking direct review did not expire until Monday, May 7, 2007. See Harris, 863 S.W.2d at 700; Werbin, 597 S.W.2d at 663. Thus, the 1-year statute of limitations ran from May 8, 2007, until August 23, 2007, the date Petitioner filed his pro se post-conviction relief motion. See Williams, 299 F.3d at 983. The statute remained tolled until May 7, 2009, the date the mandate issued on the appeal of Petitioner's post-conviction relief motion. See Lawrence, 127 S.Ct. at 1083. The statute of limitations then ran from May 8, 2009, until Petitioner

---

[2] Missouri Rule 24.035(b), provides that a prisoner who pleads guilty and who does not file a direct appeal has 180 days from the date he is delivered to the custody of the Department of Corrections to file a post-conviction relief motion. To the extent Petitioner refers to this Rule 24.035 in support of his argument that his § 2254 Petition is timely, this Rule is not applicable to the calculation of the timeliness of Petitioner's § 2254 Petition in federal court as this court must apply § 2244(d)(1)(A).

8

filed his § 2254 Petition on March 3, 2010. Petitioner, therefore, filed his § 2254 Petition in excess of the time permitted by the 1-year statute of limitations. As such, the court finds that Petitioner's § 2254 Petition is untimely and that, therefore, the Petition should be denied in its entirety.

Additionally, Respondent correctly argues that Petitioner procedurally defaulted Ground 1, as he did not raise this issue before the Missouri appellate court.[3] See Sweet, 125 F.3d at 1149. The only issue which Petitioner raised before the Missouri appellate court was that his counsel pressured and coerced him into a guilty plea, as alleged in Ground 2.[4] See Resp. Ex. A. Petitioner contends that

---

[3] Petitioner procedurally defaulted Ground 1 whether it is interpreted to allege that he received ineffective assistance of counsel because counsel failed to explain the difference between different types of homicide or to allege that his plea was not made with an understanding of the charge and the plea. Petitioner did not raise either issue before the Missouri appellate court.

[4] The court notes, in regard to Petitioner's Ground 2, that the Missouri appellate court considered that the two-pronged test established by the United States Supreme Court, in Strickland v. Washington, 466 U.S. 668, 687 (1984), for determining whether a defendant received ineffective assistance of counsel, was applicable to Petitioner's claim. Additionally, the Missouri appellate court deferred to the motion court's findings of facts regarding counsel's testimony at the evidentiary hearing, including the motion court's disbelieving Petitioner's testimony that counsel refused to try his case and that counsel told him it was a good idea to plead guilty because if he was found guilty of first-degree murder he would "die in prison." Resp. Ex. F at 2-3. The motion court credited counsel's testimony that she told Petitioner that the penalty for first-degree murder can be life without probation or parole and that she advised Petitioner to plead guilty to second-degree murder because he would be guaranteed a twenty-year sentence. Resp. Ex. F at 4. Explicit and implicit findings by state trial and appellate courts are presumed to be correct. Rushen v. Spain,464 U.S. 114, 120, (1983); Marshall v. Lonberger, 459 U.S. 422, 432 (1983); Sumner v. Mata, 449 U.S. 539, 545-47, 550 (1981). Additionally, the Eighth Circuit holds that a habeas petitioner must provide "clear and convincing" evidence "to overcome the presumption of correctness that the law assigns to" findings of the state courts. Ashker v. Class, 152 F.3d 863, 867 (8th Cir. 1998) (citing 28 U.S.C. § 2254(e)(1); 28 U.S.C. § 2254(d)(2); Smith v. Jones, 923 F.2d 588, 590 (8th Cir. 1991)). See also Laws v. Armontrout, 863 F.2d 1377, 1381 (8th Cir. 1988). The presumption applies to basic, primary or historical facts and the inferences that can properly be drawn regarding them. See Case v. Mondragon, 887 F.2d 1388, 1393 (10th Cir. 1989) (citing Marshall v. Lonberger, 459 U.S. at 431-32; Cuyler v. Sullivan, 446 U.S. 335, 341-42 (1980)). "Questions of witness credibility are usually considered to be issues of fact." Id.(citing Brown v. Allen, 344 U.S. 443, 506 (1953)). As such, the court notes that the decision of the Missouri appellate court, in regard to the issue of Petitioner's Ground 2, is not contrary to federal law and is a reasonable interpretation of federal law. See Williams v. Taylor, 529 U.S. 362, 412 (2000). The court also finds that the Missouri appellate court's decision in regard to the issue of Petitioner's Ground 2 is a reasonable determination of the

9

he was denied counsel "altogether," and that, therefore, his procedural default of Ground 1 should be excused. Doc. 13 at 5. The Eighth Circuit has held that "[i]neffective assistance of trial or appellate counsel may be cause excusing a procedural default." Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citing Murray v. Carrier, 477 U.S. 478, 491-92, (1986)). "However, in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court." Id. (citing Edwards v. Carpenter, 529 U.S. 446, 450-53 (2000); Tokar v. Bowersox, 198 F.3d 1039, 1051 n. 13 (8th Cir.1999)). Petitioner in the matter under consideration did not allege in State court that he was denied counsel "altogether." Moreover, the record reflects that Petitioner had counsel at his plea hearing. To the extent Petitioner contends that his procedural default should be excused because he did not have post-conviction counsel, any error by post-conviction counsel cannot "be cause [to excuse procedural default] because there is no constitutional entitlement to post-conviction counsel." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998) (citing Coleman, 501 U.S. at 75). Furthermore, the record reflects that Petitioner did have appointed counsel, both before the motion court and before the Missouri appellate court. See Resp. Ex. D at 1-2; Resp. Ex. A. As such, the court finds that Petitioner has not stated cause and prejudice to excuse his procedural default of Ground 1. See Dretke, 541 U.S. at 388-89. Therefore, the court finds, alternatively, that Petitioner procedurally defaulted the issue of Ground 1.[5]

---

facts in light of the evidence presented at his trial. See § 2254(d)(2). Thus, were the court to consider Ground 2 on its merits, the court would find that Ground 2 is without merit.

[5] In regard to the allegation of Petitioner's Ground 1, as set forth above, the plea court thoroughly questioned Petitioner regarding the voluntariness of his guilty plea and his understanding of the proceedings. In regard to a defendant's entering a guilty plea, the United States Supreme Court held in Santobello v. New York, 404 U.S. 257, 261-62 (1971), that:

> [T]he sentencing judge must develop, on the record, the factual basis for the plea, as,

# IV.
# CONCLUSION

For the reasons stated above, the court finds that Petitioner's § 2254 Petition is untimely. Alternatively, were the court to consider Petitioner's Grounds 1 and 2, the court would find Ground 1 procedurally defaulted and Ground 2 without merit. As such, Petitioner's § 2254 Petition for habeas relief should be denied in its entirety. The undersigned further finds that the grounds asserted by Petitioner do not give rise to a any issues of constitutional magnitude. Because Petitioner has made no showing of a denial of a constitutional right, Petitioner should not be granted a certificate of appealability in this matter. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Petition filed by Petitioner for habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED**; Doc. 1

**IT IS FURTHER RECOMMENDED** that, for the reasons stated herein, any motion by Petitioner for a certificate of appealability be **DENIED**.

---

> for example, by having the accused describe the conduct that gave rise to the charge. The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. There is, of course, no absolute right to have a guilty plea accepted. (citations omitted)...
>
> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.

According to the United States Supreme Court, a record must disclose that a criminal defendant voluntarily and understandingly entered his plea of guilty. Boykin v. Alabama, 395 U.S. 238, 244 (1969). Were the court to consider the issue of Ground 1 on its merits, the court would find, pursuant to a pre-AEDPA standard, that the error alleged in Ground 1 did not affect the outcome of Petitioner's case; that Petitioner was not denied constitutional rights upon his entering his guilty plea; and that, therefore, Petitioner's Ground 1 would not have merit. See Robinson v. Crist, 278 F.3d 862, 865 (8th Cir. 2002).

The parties are advised that Petitioner has fourteen (14) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler  
MARY ANN L. MEDLER  
UNITED STATES MAGISTRATE JUDGE

Dated this 4th day of October, 2011.