UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEN L. WILLIAMS,            )
                           )
        Petitioner,         )
                           )
v.                         )        Cause No. 4:10 CV 367 RWS
                           )
MICHAEL BOWERSOX,          )
                           )
        Respondent.         )

**MEMORANDUM AND ORDER**

This matter is before me on a Report and Recommendation to deny Petitioner Ken

Williams' writ of habeas corpus under 28 U.S.C. § 2254.  I referred this matter to United States

Magistrate Judge Mary Ann L. Medler for a report and recommendation on all dispositive

matters pursuant to 28 U.S.C. § 636(b).  On October 4, 2011, Judge Medler filed her

recommendation that Williams' habeas petition should be denied.

Petitioner filed an Objection to Judge Medler's Report and Recommendation.  However,

Petitioner does not assert any direct objections to the Recommendation and merely reiterates

arguments he has asserted in his Petition and in his Reply.  I have conducted a *de novo* review of

the entire file, including all matters relevant to the petition.  After careful consideration I will

adopt and sustain the thorough reasoning of Magistrate Judge Medler and will dismiss

Petitioner's habeas petition for the reasons stated in the Report and Recommendation date

October 4, 2011.[1]  Because Petitioner's Section 2254 Petition is untimely, any objections

---

[1]Subsequent to the Magistrate Judge issuing the Report and Recommendation in this
matter, the United States Supreme Court held that ineffective assistance of post-conviction relief
counsel may excuse procedural default.  Martinez v. Ryan, 132 S. Ct. 1309, 1318 (2012).
However, Petitioner does not assert any specific basis for finding that he received ineffective
assistance of post-conviction relief counsel.  Further, this does not affect the conclusion that

Petitioner asserts regarding the Report and Recommendation are overruled.

I have also considered whether to issue a certificate of appealability.  To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Because Petitioner has not made such a showing in this case, I will not issue a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED that** the Report and Recommendation filed on October 4, 2011 is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** Petitioner Ken Williams' Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2012.

_____

Petitioner's Section 2254 Petition was untimely.

-2-